UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HSS ENTERPRISES, LLC,      ) | Case No. C06-1485-JPD |
| )  | |
| Plaintiff,      ) | |
| )  | |
| v.      ) | ORDER DENYING PLAINTIFF'S |
| )  | MOTION TO FILE AMENDED |
| AMCO INSURANCE COMPANY,      ) | COMPLAINT |
| )  | |
| Defendant.      ) | |
| _____ ) | |

## I.  INTRODUCTION AND SUMMARY CONCLUSION

The present matter comes before the Court on plaintiff's Motion for Leave to File First Amended Complaint, filed January 14, 2008.  Dkt. No. 37.  The defendant has filed a response opposing this motion, see Dkt. No. 41, to which plaintiff has replied.  Dkt. No. 43.  After careful consideration of the motion, briefs, governing law and the balance of the record, the Court ORDERS that plaintiff's motion (Dkt. No. 37) be DENIED.

## II.  FACTS AND PROCEDURAL BACKGROUND

This case involves a suit to recover commercial property insurance coverage, extra-contractual damages under Washington's substantive bad faith law, the Washington Consumer Protection Act ("CPA"), and applicable attorneys' fees statutes.  Plaintiff is an auto repair company located in Kennewick, Washington.  Its primary business involves the sale and installation of new and used tires and related parts.  On September 15, 2005, plaintiff's leased

ORDER
PAGE – 1

01  building in Kennewick caught fire.  Because the building had no sprinkler system, much of its
02  interior sustained fire, soot, smoke, and water damage.  At the time of the fire, plaintiff was
03  insured through defendant.

04  Due to a one-year suit limitation provision in the insurance policy, plaintiff filed suit in
05  King County Superior Court on September 15, 2006, asserting claims for breach of contract,
06  bad faith, and violation of the CPA.  *See* Dkt. No. 1, Ex. 1.  One month later, defendant
07  removed the case to this district pursuant to 28 U.S.C. § 1441.  Dkt. No. 1.  Plaintiff contends
08  that although defendant has made some partial "advances" on the loss, it has not paid the vast
09  majority of the claimed loss or other expenses and losses attributable to defendant's conduct.
10  The parties are currently in the process of engaging in written discovery, scheduling and taking
11  depositions, exchanging expert reports, and attempting to mediate the case.

12  On November 6, 2007, the voters of the State of Washington approved the Insurance
13  Fair Conduct Act ("IFCA").  R.C.W. § 48.30.015.  On December 3, 2007, counsel for plaintiff
14  wrote to counsel for defendant, expressing her "understanding that some organizations, . . .
15  have concluded that the Washington Supreme Court is likely to rule that the Act has
16  retroactive application."  Dkt. No. 42, Ex. A.  Defendant responded by arguing that plaintiff's
17  counsel's "understanding" was without merit because settled case law precluded retroactivity.
18  Dkt. No. 42, Ex. B.  Nevertheless, on December 6, 2007, plaintiff provided notice to
19  defendant's counsel and to the Washington State Office of the Insurance Commissioner of its
20  intent to assert claims under the Act.  *See* Dkt. No. 38, Ex. A.  Thirty-nine days later, on
21  January 14, 2008, plaintiff filed the current motion for leave to amend its complaint—
22  specifically, to add a claim for relief under the IFCA.  *See* Dkt. No. 37; Fed. R. Civ. Pro. 15(a)
23  (party must seek leave of court or adverse party's written agreement to amend its pleading
24  after a responsive pleading is served).

25
26

ORDER
PAGE – 2

## III. JURISDICTION

Jurisdiction in this matter is not disputed. Pursuant to 28 U.S.C. § 636(c), the parties have consented to having this matter heard by the undersigned Magistrate Judge.[1]

## IV. DISCUSSION

### A. Motions to Amend

The Federal Rules of Civil Procedure state that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). According to the Ninth Circuit, this principle "'is to be applied with extreme liberality.'" *Verizon Delaware, Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1090 (9th Cir. 2004) (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam)). However, this Court may deny leave to amend due to "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Leadsinger, Inc. v. BMG Music Pub.*, ___ F.3d ___, 2008 WL 36630, *8 (9th Cir. Jan 2, 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In the present case, plaintiff asserts that the IFCA applies retroactively and, even if does not, plaintiff should be permitted to assert claims arising from defendant's post-December 6, 2007 conduct. Defendant contends that plaintiff's amendment is futile because it seeks relief for past conduct under a statute that does not apply retroactively. Defendant further argues that, even if the opposite were true, plaintiff's position is frivolous because there is no basis for prospective claim under the IFCA. The arguments of the parties force the

---

[1] Under the *Erie* Doctrine, a federal court sitting in diversity applies federal procedural law and the substantive law of the forum state—here, the State of Washington. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003). Should this Court be faced with a legal question unaddressed by the forum state's judiciary, it must predict how the Washington Supreme Court "would probably rule in a similar case." *King v. Order of United Commercial Travelers*, 333 U.S. 153, 161 (1948).

ORDER
PAGE – 3

Court to address the scope of the IFCA, both independently and as it relates to the unlawful conduct alleged by the plaintiff.

### B. Washington's Insurance Fair Conduct Act

The IFCA creates a new cause of action against insurance companies for unreasonably denying claims for coverage or benefits by insureds. The statute also provides for the award of treble damages and attorneys' fees:

> (1) Any first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action in the superior court of this state to recover the actual damages sustained, together with the costs of the action, including reasonable attorneys' fees and litigation costs, as set forth in subsection (3) of this section.
>
> (2) The superior court may, after finding that an insurer has acted unreasonably in denying a claim for coverage or payment of benefits or has violated a rule in subsection (5) of this section [outlining additional violations of the IFCA], increase the total award of damages to an amount not to exceed three times the actual damages.
>
> (3) The superior court shall, after a finding of unreasonable denial of a claim for coverage or payment of benefits, or after a finding of a violation of a rule in subsection (5) of this section, award reasonable attorneys' fees and actual and statutory litigation costs, including expert witness fees, to the first party claimant of an insurance contract who is the prevailing party in such an action.

R.C.W. § 48.30.015(1).

### C. Retroactivity of the IFCA

Whether a law applies retroactively is a question of legislative intent. "As a general proposition, courts disfavor retroactivity" and therefore presume that a newly enacted statute operates prospectively unless it is remedial in nature or the legislature provides for retroactive application. *Densley v. Dep't of Retirement Sys.*, ___ Wash.2d ___, 173 P.3d 885, 891 (Nov. 15, 2007) (citing *In re Estate of Burns*, 131 Wash.2d 104, 110, 928 P.2d 1094 (1997)); *Ballard Square Condo. Owners Ass'n v. Dynasty Constr. Co.*, 158 Wash.2d 603, 618, 146

ORDER
PAGE – 4

P.3d 914, 922 (2006).[2] "Courts disfavor retroactivity because of the unfairness of impairing a vested right or creating a new obligation with respect to past transactions." *Burns*, 131 Wash.2d at 110, 928 P.2d at 1096 (citing *Landgraf v. USI Film Prods.*, 511 U.S. 244, 270-71 (1994)); *see id.* ("Elementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly."). This "presumption in favor of prospectivity is strengthened when the Legislature . . . uses only present and future tenses in drafting the statute." *Adcox v. Children's Orthopedic Hosp. & Med. Ctr.*, 123 Wash.2d 15, 30, 864 P.2d 921, 931 (1993).

The Washington Legislature has not expressed an intent to apply R.C.W. § 48.30.015 retroactively, and plaintiff offers no authority suggesting otherwise.[3] Furthermore, the statute is couched in present and future tenses. *See id.* § 48.30.015(1) (creating a cause of action for "[a]ny first party claimant to a policy of insurance who *is* unreasonably denied a claim for coverage or payment of benefits") (emphasis added); *Adcox*, 123 Wash.2d at 30, 864 P.2d at 931; *Johnston v. Beneficial Mgmt. Corp.*, 85 Wash.2d 637, 640 n.1, 538 P.2d 510, 514 n.1 (1975). Section one of the IFCA does not apply retroactively.

Nor is it remedial. Section one of the Act creates a new cause of action for a claimant "who is unreasonably denied a claim for coverage or payment of benefits." *See* R.C.W. § 48.30.015(1). The IFCA concerns more than "procedure or forms of remedies," *Agency Budget Corp. v. Washington Ins. Guar. Ass'n*, 93 Wash.2d 416, 425, 610 P.2d 361, 365 (1980), and does more than create a "supplemental remedy for enforcement of a preexisting

---

[2] A remedial statute is one that relates to practices, procedures, and remedies, and is ordinarily applied retroactively when it does not affect a substantive or vested right. *State v. McClendon*, 131 Wash.2d 853, 861, 935 P.2d 1334, 1339 (1997). A "right" is a legal consequence stemming from certain facts. *Id.* A "remedy" is a procedure established by law to enforce a right. *Id.*

[3] Plaintiff's citation of cases involving retroactive *amendments* to existing statutes does not change this result. *See* Dkt. No. 37 at 4.

ORDER
PAGE – 5

right." Dkt. No. 37 at 4. Here, it provides plaintiff with the right to proceed against the defendant for unreasonable conduct falling outside the scope of the other statutory causes of action set forth in plaintiff's complaint. *Compare* R.C.W. § 48.30.015(1), *with id.* § 48.30.015(5); *cf. Kittilson v. Ford*, 23 Wash.App. 402, 411, 595 P.2d 944, 949 (Wash. Ct. App. 1979). Furthermore, "[n]ot only does [the IFCA] create a new cause of action but it also imposes a penalty." *Johnston*, 85 Wash.2d at 640, 538 P.2d at 514. The fact that plaintiff's IFCA claim might arise out of the same factual scenario as his other claims is of no moment. The presumption controls: R.C.W. § 48.30.015 should be applied prospectively only.

### D. Present or Prospective Nature of the Harm Alleged

Plaintiff's final argument advances a secondary position which occupied one sentence in its motion to amend, unsupported by citation or further explanation. Specifically, plaintiff contends that even if the IFCA does not apply retroactively, it should be permitted to assert claims against defendant based on defendant's "post 12/6/07 failure to pay benefits due under the policy[,] and other unreasonable conduct." Dkt. No. 37 at 4.

The Court disagrees. This argument necessarily relies on pre-IFCA enactment conduct as grounds for a present—and allegedly a continuing—IFCA violation. Such an argument not only raises serious continuing tort and statute of limitations concerns, but it also invokes the same retroactivity position the Court has already rejected.

### V. CONCLUSION

For the foregoing reasons, plaintiff's Motion for Leave to File First Amended Complaint (Dkt. No. 37) is DENIED, as such an amendment would be futile. The Clerk of Court is directed to send a copy of this Order to the parties of record.

DATED this 1st day of February, 2008.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

ORDER
PAGE – 6